UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLISON LEAVITT, <br><br>      *Plaintiff,* <br><br>   -against- <br><br> EQUIFAX INFORMATION SERVICES LLC AND MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE <br><br>      *Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Allison Leavitt ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Maximus Education, LLC doing business as Aidvantage ("Aidvantage" or the "Furnisher Defendant"), and against Defendant Equifax Information Services LLC ("Equifax" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4.  A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

**The Parties**

5.  Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Huntington, New York.

6.  Defendant Aidvantage is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7.  Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

**Plaintiff's Claims Against Defendants Pursuant to
the Fair Credit Reporting Act**

8.  Plaintiff is a victim of a mixed file.[1]

9.  Equifax combined Plaintiff's credit information with that of one or more other consumers. This resulted in Equifax reporting a series of credit accounts on Plaintiff's credit report that do not belong to her (hereinafter this inaccurate information is referred to as the "Mixed Information").

10. Among the incorrect accounts reported by Equifax was a student loan account serviced by Defendant Aidvantage ("Aidvantage Account").

11. Plaintiff disputed her mixed file to Equifax, as described herein, and both Defendants failed to conduct reasonable reinvestigations of one or more of Plaintiff's disputes, resulting in inaccurate information remaining in her file.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

12. Among other examples of defamatory publications, Equifax published the Mixed Information to an entity doing business as Macy's on September 4, 2024. This publication defamed Plaintiff, thereby:

    a. Giving Macy's the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Equifax Dispute*

13. In or around September 2024, Plaintiff disputed the Mixed Information, including the Aidvantage Account, which did not belong to her, to Equifax ("Equifax Dispute").

14. Upon information and belief, Equifax notified Defendant Aidvantage about the Equifax Dispute.

15. After Plaintiff's dispute and upon information and belief, Defendant Aidvantage verified to Equifax that the Aidvantage Account was reporting accurately even though Defendant Aidvantage could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

16. Equifax, in turn, continued to report the Aidvantage Account even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated September 19, 2024.

**Damages**

17. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

18. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

19. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

20. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, and instances of crying.

    b. Plaintiff was defamed by Equifax and Aidvantage, both of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Unjustifiable invasions of Plaintiff's privacy rights as Plaintiff's personal information was disseminated to unauthorized parties.

21. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

22. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[2]

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY AIDVANTAGE**
**(FURNISHER DEFENDANT)**

23. Because of its unlawful reporting and verification of the Aidvantage Account, Furnisher

Defendant Aidvantage is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts

and omissions, including but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiff's dispute of the

   Aidvantage Account reporting on Plaintiff's Equifax credit report after, upon

   information and belief, Aidvantage received notice of Plaintiff's disputes from

   Equifax;

   b. failing to review all relevant information provided to Aidvantage by Equifax

   concerning Plaintiff's dispute of the Aidvantage Account;

   c. failing to promptly modify, delete, or permanently block any and all information

   about the disputed Aidvantage Account that Aidvantage, had it conducted a

   reasonable investigation of Plaintiff's dispute, could not have affirmatively

   verified as accurate; and

   d. falsely representing to Equifax that Plaintiff was responsible for the Aidvantage

   Account.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY EQUIFAX**
**(CONSUMER REPORTING AGENCY)**

*Violation of FCRA § 1681e(b)*

24. Equifax violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate

consumer reports about Plaintiff to third parties because Equifax did not follow reasonable

procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed Information.

   *Violations of FCRA § 1681i*

25. Equifax violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the Aidvantage Account after Plaintiff disputed its accuracy to determine whether the Aidvantage Account was accurately reporting.

26. Equifax violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the Aidvantage Account.

27. Equifax violated FCRA § 1681i(a)(5) by failing to promptly delete the Aidvantage Account from its respective consumer file for Plaintiff despite the fact that Equifax, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

   **WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## <u>DEMAND FOR JURY TRIAL</u>

   Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

<u>/s/ James R. Ticchio</u>

James R. Ticchio
Sherman & Ticchio PLLC
120 N. Main Street Suite 302B
New City, NY 10956
212-324-3874
james@st-legal.com
*Counsel for Plaintiff*